**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MONICA REGINA HAWKINS,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:14-CV-1067-B-BH |
| ) | |
| **GEORGE L. ALLEN SR. COURTS 301ST,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** as frivolous.

**I.  BACKGROUND**

On March 26, 2014, Monica Regina Hawkins (Plaintiff) filed a civil complaint against "George L. Allen Sr. Courts 301st." ("Defendant"). (Compl. (doc. 3) at 1.) She claims that "[n]o one will hear my side on this child custody case" and seeks to have the case be transferred to the federal courts because she has filed previous lawsuits there against her previous employer and her ex-husband. She also alleges retaliation, intimidation, harassment, and interference with her rights because she previously sued her prior employer for employment discrimination. *Id*. at 3.

**II.  PRELIMINARY SCREENING**

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Plaintiff has named a state district court as the sole defendant in this case. A plaintiff may only sue an entity that has a separate and distinct legal existence. *Darby v. Pasadena Police Dept't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity). A state court is not a jural entity capable of being sued. *See Florance v. Bush*, 2010 WL 2730615, *9 (N.D. Tex. May 25, 2010); *Smithback v. 265th Judicial District Court*, 2002 WL 1268031, *5 (N.D.Tex. June 3, 2002). Plaintiff's complaint is therefore frivolous because it fails to state a claim upon which relief may be granted.[1]

### III. SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro*

---

[1] In addition, Plaintiff is attempting to have this Court determine a state law child custody matter. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Plaintiff has failed to plead that the parties are diverse, and she has not alleged any matter in controversy that exceeds $75,000 in value. Furthermore, under the "domestic relations" exception, federal courts abstain from the exercise of diversity jurisdiction in cases involving intra-family relations, including divorce, alimony, and child custody actions. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir.1990); *see also Shirley v.Daniel*, 45 Fed. App'x 322 (5th Cir. June 20, 2002) (holding that the district court did not err in dismissing for lack of jurisdiction claims concerning a child custody issue). Because the Court does not have subject matter jurisdiction, no opportunity to amend to name a different defendant is warranted.

*se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Since 2012, Plaintiff has filed thirteen civil actions. Four have been dismissed as frivolous, for failure to state a claim upon which relief may be granted, or for lack of jurisdiction. *See Hawkins v. AT&T*, 3:12-CV-1173-L (N.D.Tex. Aug. 23, 2013) ; *Hawkins v. RNB Smooth 105.7*, No. 3:12-CV-1469-P (N.D.Tex. Sep. 11, 2012); *Hawkins v. K104,* No. 3:12-CV-1471-M (N.D. Tex. July 5, 2012); *Hawkins v. Merrifield Elementary et al*, No. 3:12-CV-1738-B (N.D. Tex. Jul. 18, 2012). Four have been dismissed without prejudice for want of prosecution. *See Hawkins v. Wells Fargo Home Mortgage,* No. 3:12-CV-1453-M-BN (N.D.Tex. Aug. 7, 2013); *Hawkins v. Radio One*, 3:12-CV-1472-L (N.D.Tex. July 11, 2012);*Hawkins v. Harvey*, 3:12-CV-1702-M (N.D.Tex. July 26, 2012); *Hawkins v. Smiley,* No. 3:12-CV-1741-G (N.D.Tex. Aug. 22, 2012);. She has four other pending civil cases in this Court. Dismissal for want of prosecution has been recommended in two cases, *see Hawkins v. Griffin*, No. 3:14-CV-504-N, *Hawkins v. LoanStar Title*, No. 3:14-CV-986-B, and dismissal as frivolous as been recommended in a third. *See Hawkins v. WFAA/ABC*, No. 3:14-CV-502-P.

Plaintiff should be warned that if she persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar her from bringing any further civil action without payment of the filing fee.

3

## IV.  RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) as frivolous.  Plaintiff should be **WARNED** that sanctions may be imposed if she persists in filing frivolous or baseless actions.

**SO RECOMMENDED on this 28th day of March, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE